## Gasche *against* Peterman.

A judgment of revival upon a *scire facias quare executio non* is erroneous; such judgment can only be obtained upon a *scire facias post annum et diem.*

ERROR to the Common Pleas of *York* county.

Henry Peterman against Charles Gasche, with notice to Mathias Futterer, terre-tenant. The plaintiff had a judgment against the defendant for $400, payable in instalments of $50 a year, from 1835 to 1842, inclusive, which was entered in 1834. In 1839, the plaintiff issued this *scire facias,* with notice to the terre-tenant, calling upon the defendant " to show why the said Henry ought not to have his execution against him for the debt and damages aforesaid," &c. Upon the trial the jury found the following special verdict :

" That the four first instalments, due the 1st of April 1835, 6, 7, and 8, were duly paid by the defendant, and the costs of the original proceeding. That before the next instalment became due, the plaintiff issued his *scire facias quare executionem non,* and that nothing has been paid on the judgment, except the four first instalments and costs, as aforesaid. If, upon these facts, the plaintiff is entitled to recover a judgment *de terris,* then they find for the plaintiff, and pray the court to enter judgment, according to the requirements of the law, otherwise they find for the defendant."

On the 4th of January 1841, it was ordered, directed, and adjudged, that judgment be revived for and during the period of five years against the defendant's real estate, to secure the payment of the four last instalments, which were not due when the writ of *scire facias* was issued. Same day, judgment for plaintiff on plea of *nul tiel* record.

*Mayer,* for plaintiff in error. The *scire facias* demands execution alone, and nothing else can be obtained under it. 5 *Watts* 464; 7 *Watts* 86; 1 *Penn. Rep.* 71; 10 *Watts* 318; 4 *Watts* 201; 2 *Rawle* 229; 3 *Watts* 381; 6 *Watts* 445; 1 *Miles* 361; 8 *Serg. & Rawle* 379; 17 *Serg. & Rawle* 310; 1 *Watts* 26; 3 *Rawle* 9; 15 *Serg. & Rawle* 68; 8 *Watts* 181; 2 *Arch. Pr.* 97.

*Campbell, contra,* cited 2 *Penn. Prac.* 318; 5 *Watts* 464, 549.

The opinion of the Court was delivered by

KENNEDY, J.—The question raised here, the decision of which will dispose of the whole case, relates to the form and nature of

*See Act. 6. May 1844. Pamp. L. 1844. p. 565.*

the writ of *scire facias* sued out to April term 1839, upon a judgment entered of January term 1834. The judgment was entered upon a bond of $800, conditioned for the payment of $400, by annual instalments of $50 each, the first to be paid on the 1st of April 1835. The instalments which had become payable anterior to issuing the writ of *scire facias* were all paid, so that no part of the money mentioned in the condition of the bond, which had become payable according to its terms, remained unpaid at the time the writ was sued out. The writ is in the common form of the *scire facias quare executionem fieri debet*, &c., which has ever been used in practice under the Statute of Westm. 2, simply requiring the sheriff, " by honest and lawful men of his bailiwick, to give notice to the said Charles Gasche, with notice to Mathias Futterer, terre-tenant, that he be and appear before our judges, &c., to show, if anything for himself he hath or knows to say, why the said Henry Peterman *ought not to have his execution against him for the debt and damages* aforesaid, if to him it shall seem expedient, according to the form, force and effect of the said recovery." The question then is, can the plaintiff below have a judgment rendered in his favour for the revival and continuance of the lien created by his original judgment upon the real estate then belonging to Gasche, the debtor and defendant below? It is very certain that he cannot have a judgment for the recovery of his debt, or any portion of it, nor yet an execution awarded for it, because all that the plaintiff below, according to the terms of the condition of the bond, had any right to claim, at the time of suing out the writ of *scire facias*, had been previously paid to him by the defendant. If any part of what had become previously payable had remained at that time unpaid, the plaintiff would doubtless have been entitled to a revival of his judgment generally, which would, in effect, according to the decisions of this court, have revived and continued the lien of his judgment upon all the real estate originally bound by it, unless, indeed, his neglect to sue out an *alias scire facias* against Gasche, the debtor, as the first was returned *nihil* by the sheriff, for nearly a year, suffering three terms of the court to intervene, should be considered a discontinuance of the first writ of *scire facias*, and the lien of the original judgment lost by the lapse of five years, in consequence of its not having been revived, as required by the Act of Assembly. On this point, however, it is unnecessary to give any opinion, as we are of opinion that the plaintiff below is not entitled, under the circumstances of the case, to a judgment of any kind in his favour, upon the writ of *scire facias* which has been issued. If the *scire facias* had directed the sheriff to notify the defendant below to appear in court, and show cause, if any he had, why the lien of the judgment should not be revived and continued, or the judgment revived for the purpose of continuing the lien thereof, it might have been sufficient to have entitled the plaintiff below to have had such a judgment as the

[Gasche v. Peterman.]

court then entered in his favour. But as nothing was due upon the judgment at the time he sued out his writ of *scire facias* for which execution could be awarded in his favour; and as the writ, from its terms, was not issued with a view merely to have the judgment revived, for the purpose of continuing its lien upon the real estate which became bound by its original entry, we think the judgment of the court below cannot be sustained.

Judgment reversed.